COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Bumgardner
Argued at Alexandria, Virginia


VIRGINIA DIANE McCOMBS
                                              OPINION BY
v.         Record No. 1163-97-4      JUDGE JERE M. H. WILLIS, JR.
                                          JANUARY 27, 1998
MICHAEL ALLEN McCOMBS


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Michael P. McWeeny, Judge

            Glenn C. Lewis (Daniel G. Dannenbaum; The
            Lewis Law Firm, P.C., on briefs), for
            appellant.

            Joseph A. Condo (Sean P. Kelly; Condo &
            Masterman, P.C., on brief), for appellee.


     On appeal from the decree granting Virginia Diane McCombs

and Michael Allen McCombs a divorce a vinculo matrimonii, Ms.

McCombs contends that the trial court erred:  (1) in determining

the amount of spousal support; (2) in calculating Dr. McCombs'

earning capacity; and (3) in ordering Ms. McCombs to pay one-half

of the expenses associated with the marital home pending its

sale.  We find no error and affirm the judgment of the trial

court.

     In addition, both parties have requested an award of

attorney's fees.  Having reviewed the record and considered the

arguments, we order that the parties bear their respective legal

costs associated with this appeal.

Dr. and Ms. McCombs were married on July 4, 1984 and separated on May 31, 1995.  On September 25, 1996, the trial court granted Ms. McCombs a divorce a vinculo matrimonii on grounds of adultery and desertion.

Dr. McCombs is an orthodontist.  He practiced for fifteen years prior to the parties' marriage and continued to practice throughout the marriage.  Ms. McCombs completed two years of college, has limited experience in sales and marketing, and is currently part-owner of a company named Some Kind of Wonderful, Inc.  She suffers from physical and emotional conditions.  At the time of the hearing, Dr. McCombs was fifty-four years of age, and Ms. McCombs was forty-nine.

The trial court conducted an ore tenus hearing on the issues of equitable distribution and spousal support.  Before presenting evidence, the parties submitted a stipulation setting forth their agreed division of marital and separate assets.  The stipulation reserved valuation and disposition of the marital residence for determination by the trial court.

The testimony revealed that the parties had enjoyed an "extraordinary standard of living."  Ms. McCombs received $20,000 each month to run the household and the parties traveled "extensively and extravagantly."  Ms. McCombs tendered expert testimony that Dr. McCombs' monthly income was $51,554.  This amount included unearned income and income imputed to Dr. McCombs

for business expenses relating to continuing education, meals, entertainment and promotional items.  Dr. McCombs testified that his net monthly income was $20,000.  He presented expert testimony that his income was steadily declining and that he needed to discharge his debts within the next five years.

On May 2, 1997, the trial court entered a final order, nunc pro tunc to April 11, 1997, incorporating the decree of divorce and its opinion letter of August 1, 1996.  The order awarded Ms. McCombs $10,000 per month in spousal support and a one-half interest in the proceeds from the sale of the marital residence.  It divided the remainder of the parties' property in accordance with their stipulation.

II.

Ms. McCombs contends that the trial court erred in its award of spousal support.  We disagree.

A spouse's entitlement to support and the amount of a support award are matters lying within the sound discretion of the trial court.  Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).  Any such award "will not be disturbed on appeal unless it is clear that some injustice has been done." Id.  In calculating the amount of spousal support, the trial court must consider the factors set forth in Code § 20-107.1. Holmes v. Holmes, 7 Va. App. 472, 483, 375 S.E.2d 387, 394 (1988).  However, "[t]his does not mean that the trial court is required to quantify or elaborate exactly what weight or

- 3 -

consideration it has given to each of the statutory factors."
Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426
(1986).

Ms. McCombs argues that the award is insufficient to
maintain the standard of living to which she was accustomed
during the marriage.  When a party to a divorce suit establishes
an entitlement to support, the law imposes upon the party liable
for that support a duty to maintain the dependent party according
to the parties' marital lifestyle.  Gamble v. Gamble, 14 Va. App.
558, 573-74, 421 S.E.2d 635, 644 (1992).  However, this
obligation is tempered by the financial ability of the breaching
spouse and by consideration of all of the factors of Code
§ 20-107.1.  See Gamble, 14 Va. App. at 573-74, 421 S.E.2d at
644; Theismann v. Theismann, 22 Va. App. 557, 573, 471 S.E.2d
809, 816, aff'd en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996).

The trial court concluded that the parties' extraordinary
lifestyle, upon which Ms. McCombs based her standard of living,
"was maintained part through income, part through creative use of
the tax laws, and part through the incurring of debt."  The trial
court considered the parties' stipulated division of assets and
their relative needs and abilities in determining the amount of
the award.  After considering all of the relevant factors, the
trial court determined that an award of $10,000 per month
afforded Ms. McCombs an appropriate standard of living.  See
Theismann, 22 Va. App. at 573, 471 S.E.2d at 816 (finding that

award permitted spouse to address "everyday needs"). The record supports this determination. Accordingly, the trial court's determination of support does not constitute an abuse of discretion.

Ms. McCombs argues that the trial court erred in calculating Dr. McCombs' "earning capacity." Code § 20-107.1(1) requires the trial court to consider the earning capacity of the parties in determining the amount of the support award.

Dr. McCombs received his professional license prior to the parties' marriage, worked three-and-one-half to four days per week, and received substantial business perquisites. However, the trial court found the parties' expert testimony regarding Dr. McCombs' income unpersuasive. The trial court decided that it would consider his present earnings, "neither inflated for phantom cash flow nor diminished by projections into the future."

It is clear from the record that the trial court properly considered the statutory factors before making the award of spousal support. Ample evidence supports the award. Finding no abuse of discretion or manifest injustice, we affirm the award.

III.

The trial court ordered the sale of the marital residence, with any net proceeds to be divided equally by the parties. The court ordered that if the sale failed to produce a net surplus, Dr. McCombs should pay any deficiency. The trial court ordered that during the pendency of the sale, the parties would share

equally in the payment of the mortgage and repairs. It granted Ms. McCombs sole use and occupancy of the home.

Ms. McCombs contends that because Dr. McCombs has greater resources from which to pay the expenses of the marital residence, the trial court erred in ordering her to share in those expenses.

In appropriate circumstances, sharing costs pending the sale of a marital residence provides the trial court an effective tool to ensure responsible action. Cf. Code § 8.01-31; Gaynor v. Hird, 15 Va. App. 379, 424 S.E.2d 240 (1992). By ordering shared costs, the trial court may avoid a situation in which the occupying spouse is less willing to pursue, and assist in, the timely disposition of the marital residence. Although, in such circumstances, a party's recalcitrance may be challenged and punished through the court processes, Code § 20-107.3(K), the costs of such proceedings include the inefficient allocation of judicial resources, an escalation in the cost of litigation and exacerbation of the parties' adversarial relationship.

Ms. McCombs' sharing of the costs necessary to maintain the home pending its sale is fair. She enjoys the exclusive possession of the residence and has an equal interest in any net gain that may result from the sale. We perceive no error in requiring her to pay one-half of the mortgage and necessary repairs.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>