COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Felton and Senior Judge Willis


TIMOTHY W. CLARKSON

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0812-04-2                          PER CURIAM
                                                      AUGUST 31, 2004
BARBARA A. CLARKSON


                FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                           William H. Ledbetter, Jr., Judge

              (Thomas Woehrle; Woehrle & Franklin, on brief), for appellant.

              (Lawrence D. Diehl, on brief), for appellee.


        Timothy W. Clarkson, husband, appeals a decision of the trial court awarding Barbara A.

Clarkson, wife, spousal support.  On appeal, he contends the trial court erred by failing to consider

statutory factors in making the spousal support award and by overruling his objections to the award.

Upon reviewing the record and the briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

                                    Background

        The parties were married in 1970 and separated in December 2001.  In July 2002, wife filed

a bill of complaint requesting a divorce and spousal support.  There was no *ore tenus* hearing in the

case.  The parties filed memoranda addressing the contested issues, including spousal support, and

the trial court based its decision on its review of the depositions of the parties and their witnesses

and the exhibits in the case.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

By opinion letter dated November 26, 2003, the trial court ruled that husband was to pay wife $2,000 per month in spousal support. The opinion letter specifically stated that the trial court considered "all the factors listed in . . . Code § 20-107.1" in making its decision. The court also found that, for the past six years wife had earned "about $14,000 a year" as a self-employed housecleaner. She is also trying to establish a business in landscaping. In addition, the trial court found that husband's annual income is $102,000 as a regional MRI specialist.

Husband filed a motion for reconsideration regarding the spousal support award. On January 21, 2004, the trial court issued a second opinion letter denying husband's motion. The final divorce decree was entered on March 3, 2004.

### Analysis

"A spousal support award is subject to the trial court's discretion and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Howell v. Howell, 31 Va. App. 332, 351, 523 S.E.2d 514, 524 (2000).

Husband argues the trial court failed to consider the factors of Code § 20-107.1(E) in making the spousal support award. However, in the November 26, 2003 opinion letter, the trial court specifically stated that it considered all of the factors of that code section. Furthermore,

> [t]he requirement that the trial court consider all of the statutory factors necessarily implies substantive consideration of the evidence presented as it relates to all of these factors. This does not mean that the trial court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors. It does mean, however, that the court's findings must have some foundation based on the evidence presented. Therefore, we hold that in a determination involving spousal support, if the court's findings do not have evidentiary support in the record, then the court has abused its discretion.

Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

The evidence showed that wife started a housecleaning business seven years ago and averaged an annual income of $14,000 for the past six years. Wife offered profit and loss

statements and tax returns as exhibits in support of her deposition testimony. Furthermore, wife introduced an income and expense statement showing that her income was about $1,050 per month, yet her expenses were $3,114 per month. After the divorce, wife will also have to obtain health and dental insurance coverage that was provided by husband during the marriage.

Husband has been employed by the same company for seventeen years. He testified that his base salary is $70,000 or $72,000 per year and he makes additional money by working overtime. Husband's W-2 forms were admitted into evidence showing that in 2001, husband earned about $94,000 and in 2002 he earned about $101,000. As of March 23, 2003, husband had earned $29,000. Husband's expense statement showed he had monthly expenses of about $2,900 and had a gross income of $10,000 per month. Thus, husband has the ability to pay the spousal support award.

In addition, wife testified that for many years of the more than thirty-year marriage and with husband's concurrence, she was not employed outside of the home, assuming the role of homemaker and raising their child. Husband's income increased greatly over the time of the marriage, and wife testified that for the last five years of the marriage, the parties' standard of living was "very good." However, since the separation, wife has been living "from one day to the next" and she is "in the red." "When a party to a divorce suit establishes an entitlement to support, the law imposes upon the party liable for that support a duty to maintain the dependent party according to the parties' marital lifestyle." McCombs v. McCombs, 26 Va. App. 432, 436, 494 S.E.2d 906, 908 (1998). Accordingly, ample evidence supported the amount of the trial court's award of spousal support.

Husband also contends the trial court erred by making a permanent spousal support award, particularly in light of his plan to retire in eight years. However, a trial court can only make an award based on the circumstances in existence at the time of the award. "The statutory

scheme [for spousal support awards] anticipates that awards will be made in light of contemporary circumstances. When justified, support awards may be redetermined in light of new circumstances." Donnell v. Donnell, 20 Va. App. 37, 41, 455 S.E.2d 256, 258 (1995).

Husband contends wife is voluntarily underemployed, yet he asserts he is not making an argument that the trial court should have imputed income to wife. "In setting or modifying spousal support or child support, a court may impute income to a party voluntarily unemployed or underemployed." Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 783 (1999). "[T]he party moving the court to impute income has the burden of proving that the other party is voluntarily foregoing more gainful employment." Id. at 102, 515 S.E.2d at 784. Husband presented no evidence indicating wife was voluntarily underemployed. Accordingly, the trial court did not err by not finding wife was underemployed or by not imputing income to wife.

Husband also asserts the trial court erred by not considering wife's fault contributing to the dissolution of the marriage. Code § 20-107.1(B) provides: "[N]o permanent maintenance and support shall be awarded from a spouse if there exists in such spouse's favor a ground of divorce under the provisions of [Code] § 20-91[(1)]." Code § 20-91(1) addresses adultery, sodomy and buggery committed outside the marriage as grounds for divorce. In his cross-bill, husband requested a divorce on the grounds of constructive desertion and cruelty, not any of the fault grounds listed in Code § 20-91(1). Furthermore, the trial court granted the divorce on the ground that the parties had lived separate and apart for one year without cohabitation and interruption. Accordingly, husband's argument is without merit.

Wife requests an award of attorney's fees incurred by her in this appeal, asserting that husband's appeal was without merit. Upon consideration of the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees. See O'Loughlin v.

O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Accordingly, we remand the

matter to the trial court for it to determine the proper amount of the award.

      For these reasons, the decision of the trial court is affirmed.

<u>Affirmed and remanded.</u>