COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


SAMUEL DINNITT EAST

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0214-08-3                   JUDGE SAM W. COLEMAN III
                                                     NOVEMBER 25, 2008
BETH BAILEY EAST


                FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                              William N. Alexander, Judge

          David W. Shreve for appellant.

          (Greg T. Haymore, on brief), for appellee.  Appellee submitting on
          brief.


        In this appeal from a divorce decree, Samuel Dinnitt East (husband) appeals the trial court's

rulings as to the spousal support award to Beth Bailey East (wife), the child support award, and

the award of attorney's fees.  Husband argues that the trial court erred in (1) applying an

incorrect legal standard in determining spousal support; (2) determining the amount of his

spousal support obligation; and (3) ordering the husband to pay a portion of wife's attorney's

fees.[1]  We affirm the decision of the trial court.

                                        BACKGROUND

        Husband and wife were married for thirteen years before separating in 2005 and divorcing

in 2007.  They had two children born of the marriage whose ages at the time of the divorce were 14

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Husband presented another question on appeal, contending that the trial court erred by
deviating upward from the child support guidelines.  The parties conceded at oral argument that
this question had been mooted by subsequent action of the trial court.  Accordingly, we do not
address that question.

and 11. In the divorce proceedings the parties were able to resolve their property issues, but unable to resolve the spousal support, child support, and visitation issues.

Central to the parties' spousal support dispute is the debt of each in relation to their incomes, particularly the mortgage debt husband incurred in refinancing the marital home in order to obtain funds to pay wife. As part of their property settlement agreement, husband received the marital residence and certain other assets for which he paid wife $130,000 for her equity interest. Husband's resulting mortgage payment was $2,083 per month. Wife's mortgage payment was $650 per month. Husband incurred additional debt after the separation of $719 per month for the purchase of a $40,000 truck.

The trial court found that husband earned $86,000 per year, consisting of his earned and rental income, and that wife earned $19,404.96 per year. The trial court also found that husband "has a substantially greater earning capacity, both at present and as to his future earning capacity."

After considering the Code § 20-107.1 factors, the trial court ordered husband to pay to wife $750 per month for spousal support. Husband contends the amount is excessive in that after considering his fixed living expenses, including his mortgage and truck payments, and his child support payments, if he pays $750 per month to wife he will have no funds available to pay his basic living expenses.

As to the payment of attorneys' fees, husband's attorney's fees were $11,525, and wife's attorney's fees were $10,525.50. The trial court ordered husband to pay $7,500 of wife's attorney's fees.

ANALYSIS

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003).

Legal standard applied to spousal support

Husband argues that the trial court erred in applying an incorrect legal standard for awarding spousal support. He asserts that "[t]he Court took the position as a matter of law that the Wife is entitled to spousal support in every case absent the showing of a bar to spousal support and upon a showing one spouse's need and the other's ability to pay." Husband did not file a transcript; instead, he relies upon the written statement of facts he submitted to the trial judge which states:

> The Court took the position as a matter of law that the Wife is entitled to spousal support in every case absent the showing of a bar to spousal support and upon a showing [sic] one spouses [sic] need and the other's ability to pay and counsel for the Husband noted his objection to the Court's ruling on that as a matter of law.

We need not address husband's contention that the written statement of facts proves that the trial court applied an incorrect standard for determining a spouse's entitlement to spousal support. Here, the final decree explains the legal standard the trial court used to determine a spouse's entitlement to spousal support. The final decree states that the court "considered all of the factors as required by the Code," but more importantly, the trial court explained in considerable detail the factors it considered and the weight it gave to those factors in arriving at its spousal support award. A trial court speaks through its written orders. See Waterfront Marine Constr., Inc. v. North End 49ers Sandbridge Bulkhead Groups A, B and C, 251 Va. 417, 427 n.2, 468 S.E.2d 894, 900 n.2 (1996) ("a court speaks through its orders" and when a court's orders conflict with its statements made at a hearing or its letter opinions, "we presume that the orders accurately reflect what transpired" (citing Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979) (where an order conflicts with a transcript of a related proceeding, the order is presumed to be an accurate reflection of what transpired))); see also Anderson v. Commonwealth, 13 Va. App. 506, 509, 413 S.E.2d 75, 77 (1992) (because

transcripts and written statements of facts serve the same purpose on appeal, policies concerning them should be reasonably analogous).

Here, the trial court's final decree demonstrates that it utilized the correct legal standard in evaluating a spousal support issue.

## Spousal support award

Husband next contends that the trial court erred in ordering him to pay $750 per month in permanent spousal support.

> "Whether and how much spousal support will be awarded is a matter of discretion for the trial court." Barker v. Barker, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998). "'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'" Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (quoting Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992)).

Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002).

Trial courts are required to explain their findings, pursuant to the factors in Code § 20-107.1(E), in writing, and failure to do so is an abuse of discretion. Robinson v. Robinson, 50 Va. App. 189, 195-96, 648 S.E.2d 314, 317 (2007).

Husband asserts that the trial court did not properly consider his expenses in that his fixed expenses, including his mortgage and truck payments, and the child and spousal support payments, would not leave him with adequate funds to provide for his basic necessities. He argues the trial court "appeared to scoff" at him because of his expenses.

The trial court ruled in its final decree that "[h]aving heard the evidence [and] in consideration of the severe disparity in income available to the parties *and the expenses of the parties* that [sic] is a need for spousal support to the Wife." (Emphasis added.) The trial court further stated that among the other factors it considered were the parties' financial situations,

including "the financial position of both, . . . the provisions made for the distribution of the marital property, the assets of both parties, the fact of the Husband's recent purchase of a near $40,000 vehicle and a [sic] somewhat inflated debt figures of the Husband . . . ."

The record shows that the trial court considered the factors in Code § 20-107.1 and both parties' incomes and debts and their living expenses, as set forth in their income and expense statements. "'The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.'" Thomas v. Thomas, 40 Va. App. 639, 644, 580 S.E.2d 503, 505 (2003) (quoting Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995)). The trial court does not have to accept a party's income and expense statement as accurately reflecting the person's financial situation, whether it is one party's ability to pay support or the other party's need for support. The court may well find that the stated expenses are inflated or that an actual debt exceeds the reasonable amount which that party's income would justify under the circumstances, particularly in light of the other spouse's need for support. Here, the very specific findings in the final decree demonstrate that the trial court considered husband's evidence, including his income and indebtedness, as well as the wife's evidence as to income and indebtedness, and found her evidence more persuasive in establishing her need for spousal support and husband's ability to provide that support.

While consideration of the living standard to which the parties had grown accustomed during the marriage is a Code § 20-107.1(E)(2) factor that the court must consider, rarely will the court be able to assure both divorcing spouses of the same lifestyle that they may have enjoyed when living together in one household sharing their joint expenses. McCombs v. McCombs, 26 Va. App. 432, 436, 494 S.E.2d 906, 908 (1998).

Here, the trial court explained in detail in its decree the consideration it gave to the Code § 20-107.1 factors and why it reached the spousal support award. The record supports the court's findings, and the spousal support award and demonstrates that the court did not abuse its discretion.

## Attorney's fees

Husband argues that the trial court erred in ordering him to pay $7,500 of wife's attorney's fees. "An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). "[T]he key to a proper award of counsel fees [is] . . . reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

According to the written statement of facts, the award of attorney's fees was based on "the disparity in income, the length of time this matter took, the husband's failure to respond to discovery and the multiple prior Court proceedings and the reasonableness of the accumulated attorney's fees." The attorney's fee award is reasonable and is supported by the evidence.

## CONCLUSION

The record supports the trial court's findings for the awards of spousal support and attorney's fees. Accordingly, we affirm the judgment.

Affirmed.