COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, McCullough and Senior Judge Bumgardner


RICHARD SCOTT STARLING

                                                    MEMORANDUM OPINION*
v.      Record No. 0589-13-3                              PER CURIAM
                                                    SEPTEMBER 10, 2013
TERESA ANN MOREHEAD STARLING


              FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                          Jack S. Hurley, Jr., Judge

              (Robert M. Galumbeck; Galumbeck, Dennis & Kegley, Attorneys,
              on brief), for appellant.

              (H. Gregory Campbell, Jr.; Bettye Ackerman; H. Gregory Campbell,
              Jr. PC, on brief), for appellee.


       Richard Scott Starling (husband) appeals a final decree of divorce.  Husband argues that the

trial court erred in (1) "allowing this case to proceed to equitable distribution, in that equitable

distribution was not before the court in the pleadings"; (2) "finding that the business known as F&R

Electric, Inc., or a part thereof, was marital property"; (3) valuing F&R Electric, Inc. for purposes of

equitable distribution; and (4) establishing the amount of spousal support awarded to Teresa Ann

Morehead Starling (wife) because the trial court "failed to account for the fact that [wife's] needs

did not justify an award as high as that awarded."  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

_____
       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on July 9, 1982. They have one child, who is no longer a minor. During the marriage, husband worked at F&R Electric, which he co-owned with his father. Wife also worked for F&R Electric after the parties' child started school. On September 19, 2005, the parties separated.

On October 13, 2005, husband filed a bill of complaint, and subsequently, wife filed an answer and cross-bill. At the *pendente lite* hearing, the trial court awarded wife $500 per month in temporary spousal support.[1] After discovery, depositions, and several hearings, the final hearing was scheduled for October 20, 2011. On that date, husband non-suited his complaint. Wife proceeded on her cross-bill, and the court heard evidence regarding spousal support and equitable distribution. Husband did not object to wife presenting evidence concerning her spousal support and equitable distribution claims.

In June 2012, wife submitted her final disposition brief, and husband filed his trial memorandum. For the first time, husband argued that since wife did not request equitable distribution in her cross-bill, the trial court should not rule on equitable distribution. In pertinent part, the prayer for relief in wife's cross-bill stated:

> WHEREFORE, defendant prays . . . that complainant be
> required to pay . . . temporary spousal support; . . . that pursuant to
> § 20-107.1 of the Code of Virginia, as amended, defendant moves
> that the Court appoint a Commissioner or Judge Pro Tempore or in
> the alternative this Court take evidence to determine legal title as

---

[1] On December 11, 2012, the trial court entered another *pendente lite* order, over husband's objection, which increased wife's temporary spousal support award to $1,170 per month.

- 2 -

between the parties and the ownership and value of all real and personal property of the parties; that all marital assets be frozen; that the defendant be awarded permanent spousal support . . . .

On November 4, 2012, the trial court issued a letter opinion and held that the wife's cross-bill contained a scrivener's error where it referred to Code § 20-107.1 instead of Code § 20-107.3. The trial court allowed the wife to proceed with her request for equitable distribution. An order reflecting the trial court's ruling was entered on January 7, 2013. Husband filed a motion to reconsider, which the trial court denied.

On January 7, 2013, the parties appeared before the trial court to present their closing arguments. On January 23, 2013, the trial court issued a letter opinion with its rulings on the grounds for divorce, equitable distribution, and spousal support. On February 22, 2013, the trial court entered the final decree of divorce, which granted wife a divorce based on living separate and apart for more than one year. On the same date, the trial court also entered an order regarding equitable distribution and spousal support. On February 26, 2013, the trial court denied husband's motion to reconsider. This appeal followed.

ANALYSIS

*Scrivener's Error*

Husband argues that the trial court erred in allowing the case to proceed to equitable distribution because wife did not specifically include a request for equitable distribution in her pleadings. Since husband requested a non-suit of his complaint, the only pleading before the trial court was wife's cross-bill. Husband asserts that wife's cross-bill failed to include a request for equitable distribution because it referred to Code § 20-107.1 instead of Code § 20-107.3. Therefore, he contends the trial court did not have jurisdiction to award equitable distribution.

Husband argues that the trial court could not award equitable distribution because it was not included in the pleadings. "Fundamental rules of pleading provide that no court can base its

judgment or decree upon a right which has not been pleaded and claimed." Boyd v. Boyd, 2 Va. App. 16, 18, 340 S.E.2d 578, 580 (1986) (citing Potts v. Mathieson Alkali Works, 165 Va. 196, 207, 181 S.E. 521, 525 (1935)). The purpose of pleadings "is to give notice to the opposing party of the nature and character of the claim, without which the most rudimentary due process safeguards would be denied." Id. at 19, 340 S.E.2d at 580 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

Husband was aware that equitable distribution was an issue in the case because the litigation had been pending for more than six years. The parties had been engaged in discovery and depositions. Both parties had engaged experts to value the husband's business. Furthermore, in his pretrial memorandum, submitted August 16, 2011, husband stated that "[o]n November 18, 2005, the wife filed her Answer and Cross-Bill, alleging cruelty and requesting custody, support and equitable distribution."

Husband argues that once he filed his non-suit, the trial court lost jurisdiction because wife did not specifically plead equitable distribution. Yet, he did not object to testimony from wife's witnesses at the October 20, 2011 hearing, which is the same date the trial court entered his non-suit order. In fact, husband did not raise the issue of the language in wife's cross-bill until June 2012, which was months after the parties had submitted all of their evidence to the trial court. The trial court noted husband's delay in raising the issue and that husband stated in his pretrial memorandum that wife was requesting equitable distribution. The trial court held that husband "cannot now claim [wife] failed to pray for relief that [husband] has previously admitted [wife] requested."

The trial court held that wife's reference to Code § 20-107.1, instead of Code § 20-107.3, was a scrivener's error and corrected the matter. Code § 8.01-428(B) allows for a trial court to

correct clerical mistakes.[2]  "Scrivener's or similar errors in the record, which are demonstrably contradicted by all other documents, are clerical mistakes." Zhou v. Zhou, 38 Va. App. 126, 133, 562 S.E.2d 336, 339 (2002).  "Scrivener's errors tend to occur singularly." Westgate at Williamsburg Condo. Ass'n, Inc. v. Philip Richardson Co., Inc., 270 Va. 566, 576, 621 S.E.2d 114, 119 (2005).

In Dorn v. Dorn, 222 Va. 288, 279 S.E.2d 393 (1981), the Supreme Court of Virginia held that an attorney's error in drafting the final decree of divorce was a scrivener's error.  In Dorn, the attorney wrote that father's child support obligation for each of the two children was $100 bi-weekly, as opposed to $100 per month. Id. at 290, 279 S.E.2d at 394.  Father had paid the support as $200 per month, or $100 per month for each child, for several years. Id.  The attorney who drafted the document explained that he changed "per month" to "bi-weekly" to ensure that payments were made every other week, but he did not intend to change the amount of support. Id.

Likewise, in this case, wife's attorney erroneously referred to Code § 20-107.1, instead of Code § 20-107.3, in the prayer for relief in the cross-bill.  The trial court noted that wife asked the trial court to classify and value the parties' real and personal property and also requested temporary and permanent spousal support.  To adopt husband's argument that she was referring to her request for spousal support by citing to Code § 20-107.1 would mean that she would have been asking for spousal support in three different ways.  The trial court concluded that this was "nonsensical."

---

[2]        Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.

Code § 8.01-428(B).

The divorce had been pending in the trial court for more than six years before husband raised the issue, and more than seven months after he took his non-suit. There was no question that equitable distribution was an issue. The record supports the trial court's conclusion that wife's citation to Code § 20-107.1 in her prayer for relief was a scrivener's error. The trial court did not err in concluding that it had jurisdiction to decide equitable distribution.

*Classification of F&R Electric, Inc.*

Husband argues that the trial court erred in classifying F&R Electric, Inc. as hybrid property.

"Because the trial court's classification of property is a finding of fact, that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it." Ranney v. Ranney, 45 Va. App. 17, 31-32, 608 S.E.2d 485, 492 (2005) (citations omitted).

Husband and his father started F&R Electric, Inc. in 1981, prior to the parties' marriage. Husband worked in the business during the marriage. He was actively involved in running, managing, and staffing the business. Several witnesses testified that husband worked long hours, including many weekends. During the marriage, the business changed from a partnership to a corporation.

The trial court held that husband's interest in F&R Electric, Inc. was part marital and part separate. The value of the company prior to the marriage was husband's separate property, whereas the increase in value during the marriage was marital property. The trial court concluded, "Husband's efforts since the marriage commenced have been significant and have led to a substantial increase in the value of the business."

> In the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases, provided that any such personal efforts must be significant and result in substantial appreciation of the separate property.

* * * * * * *

> "Personal effort" of a party shall be deemed to be labor, effort, inventiveness, physical or intellectual skill, creativity, or managerial, promotional or marketing activity applied directly to the separate property of either party.

Code § 20-107.3(A)(3)(a).

"'To the extent the non-owning spouse claims that the increase in value was attributable to personal efforts, the non-owning spouse must prove that the personal efforts were "significant" and resulted in "substantial appreciation" of the owning spouse's separate property interest.'" Gilman v. Gilman, 32 Va. App. 104, 120-21, 526 S.E.2d 763, 771 (2000) (quoting Martin v. Martin, 27 Va. App. 745, 751, 501 S.E.2d 450, 453 (1998) (en banc)).

Contrary to husband's argument, wife's expert testified about the increase in value of the business. Joseph Simmons, a business appraiser, opined that the company's gross business in 1981 was $12,000, and in 2009, the company's gross business was $1,857,000. Therefore, wife proved that the company's value increased during the marriage.

Next, husband argues that any increase in the value of the company was due to his father's efforts and that he "did nothing more than the rest of his crew." However, wife and the parties' daughter testified to his long work hours. Husband's sister testified that husband "runs the shop" and acted as "the supervisor and a worker." One of husband's experts testified that husband's father worked an average of twenty hours per week. One of wife's experts testified that husband's father was "mostly retired or not rendering any substantial service."

There was sufficient evidence to support the trial court's finding that husband's personal efforts were significant and resulted in the increase in value of F&R Electric, Inc. Accordingly, the trial court did not err in classifying the company as hybrid property.

*Valuation of F&R Electric, Inc.*

Husband argues that the trial court erred in valuing F&R Electric, Inc. The trial court determined that the marital share of the company was $184,695 and that wife would receive one-half of the value, or $92,347.

"[T]he value of property is an issue of fact, not of law." Howell v. Howell, 31 Va. App. 332, 340, 523 S.E.2d 514, 518 (2000). We will not disturb a trial court's finding of the value of an asset unless the finding is plainly wrong or unsupported by the evidence. Rowe v. Rowe, 24 Va. App. 123, 140, 480 S.E.2d 760, 768 (1997).

"Trial courts valuing marital property for the purpose of making a monetary award must determine from the evidence that value which represents the property's intrinsic worth to the parties." Bosserman v. Bosserman, 9 Va. App. 1, 6, 384 S.E.2d 104, 107 (1989).

"Determining intrinsic value must depend on the facts of the case. . . . 'We affirm if the evidence supports the findings and if the trial court finds a reasonable evaluation based on proven methodology and on the application of it to the particular facts of the case.'" Wright v. Wright, 61 Va. App. 432, 457, 737 S.E.2d 519, 531 (2013) (quoting Howell v. Howell, 31 Va. App. 332, 339, 523 S.E.2d 514, 517 (2000)); see also Patel v. Patel, 61 Va. App. 714, 723, 740 S.E.2d 35, 40 (2013).

Husband and wife each offered expert witnesses to value F&R Electric, Inc. William David Miller was retained by husband's father to appraise the business. Miller testified that he valued husband's fifty percent of the business at $112,000. Wife's counsel questioned Miller about intrinsic value and how he arrived at his valuation, especially considering the company grossed $2,100,000 and had $700,000 in assets. Miller testified that it also had liabilities totaling over $266,000.

David Nichols, F&R Electric's CPA, opined that as of May 31, 2009, the business was valued at $400,000, based on the liquidated value of the company. He explained that the liquidated value included "the cash, the receivables, the equipment at its appraised value less the cost of disposing of it, the inventory that was appraised, less the cost of disposing of it, less the accounts payable at the end of May 31st, 2009."

Wife retained Joseph Simmons to appraise F&R Electric, Inc. Simmons valued the business at $1,125,000. He opined that "in a case where there is no market that, effectively, which would be the case with F&R, there's no ready market as would be the case with a publically traded stock, that the intrinsic value is essentially the same thing as fair market value."

The trial court considered all of the expert testimony. It decided that Mr. Miller's valuation of $224,000 was "far less than the value of F&R's hard assets if they were to be liquidated." On the other hand, Mr. Simmons' valuation of $1,125,000 was "anomalously high because it does not seem to give due credit for the risks this company faces and will continue to face."

"While 'expert testimony is the most expedient, and, in fact, the preferable method for [valuing marital property] . . . the finder of fact is not required to accept as conclusive the opinion of an expert.'" Stratton v. Stratton, 16 Va. App. 878, 883, 433 S.E.2d 920, 923 (1993) (quoting Lassen v. Lassen, 8 Va. App. 502, 507, 383 S.E.2d 471, 474 (1989)). A trial judge may select a value within a range of conflicting opinions. Zipf v. Zipf, 8 Va. App. 387, 395, 382 S.E.2d 263, 268 (1989).

Based on Mr. Nichols' testimony, the trial court determined that as of 1982, the value of the hard assets was $30,609, and as of 1999, the liquidated value of the assets was $400,000. Therefore, the trial court concluded that the value of F&R Electric's hard assets was $369,391, so the marital share was $184,695.

The trial court did not err in valuing F&R Electric. The parties presented several experts who opined about the value of the company. The trial court held that "neither Mr. Miller nor Mr. Simmons [made] convincing valuations." Consequently, the trial court relied on other information provided by the parties to arrive at the company's value. Since the evidence supports the trial court's decision, we will not disturb it.

*Spousal Support*

Husband argues that the trial court erred in awarding wife $1,500 per month in spousal support, when the evidence showed that she did not need that much money. Husband asserts that wife's income and expense sheets showed that she needed, at most, $600 per month, although she could have met her own needs based on her income. He contends that with the spousal support award, wife will be living a better lifestyle than she did during the marriage.

"'In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. Accordingly, our review is limited to determining whether the trial court clearly abused its discretion.'" West v. West, 53 Va. App. 125, 130-31, 669 S.E.2d 390, 393 (2008) (quoting Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005)).

"'When a party to a divorce suit establishes an entitlement to [spousal] support, the law imposes upon the party liable for that support a duty to maintain the dependent party according to the parties' marital lifestyle.'" Id. at 133, 669 S.E.2d at 394 (quoting McCombs v. McCombs, 26 Va. App. 432, 436, 494 S.E.2d 906, 908 (1998)).

Here, the trial court considered all of the factors in Code § 20-107.1(E). It based its award "on the long duration of the marriage as well as the lifestyle Wife grew accustomed to during that time . . . ." Wife testified that her standard of living changed dramatically once the parties separated. She described her standard of living during the marriage as "pretty much

- 10 -

upper class, because . . . we had the nicest house in the neighborhood.  We had the nicest vehicle in the neighborhood.  We had cash."  However, compared to how she lived during the marriage, wife said that she was "living poorly now.  I . . . I work hard, and I work for every cent of the money that I make, but every week it is gone to the payments, and I still owe lots of bills, you know."  She further explained the discrepancy in her lifestyle by describing her housing.  During the marriage, she lived "in a house that [she] designed," but now lived in a "little, small trailer."  She testified that she had more money for food during the marriage, and had health insurance through F&R Electric.  The company also maintained her car for her and provided her with a gas card.  During the marriage, she had ample money to purchase new clothes and go on vacation, but after the separation, she had to drastically cut her expenses.

The trial court noted that the parties' marriage lasted approximately twenty-three years before the separation, and "Husband was the primary financial provider while the Wife was the primary caretaker of the home and child."  At the time of the trial, wife earned $16.50 per hour, whereas husband earned $100,600 per year.

Contrary to husband's argument, there was sufficient evidence to prove that wife had the need for permanent spousal support and he had the means to pay it.  The trial court did not abuse its discretion in awarding wife $1,500 per month in permanent spousal support.

*Attorney's fees and costs*

Wife asks this Court to award her attorney's fees and costs incurred on appeal.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

We remand this case to the trial court for determination and award of the appropriate appellate

attorney's fees and costs.

<u>Affirmed.</u>