COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


NORVELL WINSTON WEST, III

                                                    OPINION BY
v.        Record No. 3025-07-3          CHIEF JUDGE WALTER S. FELTON, JR.
                                                  DECEMBER 16, 2008
JILL ANGELA WEST


                FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                           Jonathan M. Apgar, Judge

            Michelle C.F. Derrico (Copenhaver, Ellett & Derrico, on briefs), for
            appellant.

            Vicki L. Wiese (Wiese Law Firm, PLC, on brief), for appellee.


        Norvell Winston West, III (father) appeals from a judgment of the Circuit Court of the City

of Roanoke (trial court) awarding spousal support and child support to Jill Angela West (mother).

On cross-appeal, mother contends the trial court erred in awarding her spousal support of $500 per

month and child support of $200 per month.  She also contends the trial court erred in failing to

award her attorney's fees and costs.  Additionally, mother seeks an award of her attorney's fees and

costs on appeal.

        For the reasons that follow, we affirm in part, reverse in part, and remand for further

proceedings consistent with this opinion.

I.

Father and mother were married in 1988. Two children were born of the marriage, "A," born in January 1991, and "B," born in January 1997. The parties separated in December 2003, after some fifteen years of marriage.[1]

On January 18, 2007, the trial court held an *ore tenus* hearing concerning the equitable distribution of the parties' marital estate, spousal and child support, and each party's request for attorney's fees. It admitted into evidence Tab 12 of mother's three-ring trial notebook ("Binder") without objection from father.[2] Tab 12 contained a four-page listing of the thirteen Code § 20-107.1(E) factors required to be considered by the trial court in determining its spousal support award, and statements by mother concerning each of the factors.[3]

In its letter opinion dated April 27, 2007, the trial court granted mother primary physical custody of the children, with the parties sharing legal custody. It awarded mother spousal support of $500 monthly, stating that "[t]he court rules that the statutory factors outlined by [mother] at [T]ab 12 of her [Binder] are convincing in their detail, and are adopted by the court." It also awarded mother monthly child support of $200.

---

[1] In its February 17, 2004 *pendente lite* order, the trial court awarded mother temporary custody of the children, and monthly child support of $500. It also awarded her spousal support of $545.44 each month, a sum equivalent to "one-half of the mortgage payment on the marital home."

[2] The record reflects that the trial court overruled father's objection to the introduction of the Binder as a whole. It instructed father to make any objection to the introduction of specific evidence contained within the Binder he wished the trial court to consider. Thereafter, father did not object when the trial court admitted the evidence contained in Tab 12 of mother's Binder.

[3] Tab 12 of mother's Binder provided, among other information, specific figures for the parties' respective financial resources and obligations; information concerning the standard of living enjoyed by the parties during their marriage; the contributions, monetary and non-monetary, of both mother and father to the marriage; and information concerning the parties' respective earning abilities.

By letter dated November 6, 2007, following an October 31 *ore tenus* hearing,[4] the trial court informed the parties and their respective attorneys that it would "enter the decree presented by [father's attorney]" with certain amendments. Among the trial court's amendments was one that provided that, "[i]n light of [father's] testimony that his income is now $69,000.00 a year, the decree includes a provision that the uninsured medical expenses will be borne by him at 70% and [mother] at 30%." In earlier proceedings, the parties stipulated that father's 2006 gross income was $32,440.27 at that time for the purposes of determining the child support award.

On November 15, 2007, the trial court entered a final decree of divorce dissolving the parties' marriage pursuant to Code § 20-91(A)(9)(a) (separation of more than one year without the possibility of reconciliation). The decree expressly incorporated the trial court's "letter opinion dated April 27, 2007." It ordered father to pay spousal support of $500 monthly and child support of $200 monthly consistent with the support ordered in its April 27 letter opinion "[a]fter reviewing [father's] submitted child support guidelines." Father prepared four child support guideline worksheets that were made part of the record, each of which is dated January 18, 2007. Each worksheet reflects father's monthly gross income as $2,743, an amount less than father's actual gross income at the time of the entry of the final decree, $69,000 a year. None of the four worksheets reflect applicable increases and credits related to the spousal support award to mother of $500 per month.

## II. Spousal Support

Father and mother each contend the trial court erred in awarding monthly spousal support of $500 to mother. "In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. Accordingly, our review is

---

[4] The record on appeal does not contain a statement of facts nor a transcript of that hearing, though it reflects that a court reporter was present. See Rule 5A:8.

limited to determining whether the trial court clearly abused its discretion." Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005). We conclude the trial court did not err in its spousal support award.

## A. Father's Assertions

Father argues the trial court erred in its award of spousal support to mother by failing to provide written findings as required by Code § 20-107.1(F). Father failed to raise this objection in the trial court. "As a precondition to appellate review, Rule 5A:18 requires a contemporaneous objection in the trial court to preserve the issue on appeal." Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742 (citing Riner v. Commonwealth, 268 Va. 296, 325, 601 S.E.2d 555, 571 (2004)), adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). The purpose of Rule 5A:18 is "to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals." Andrews v. Commonwealth, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2002).

Because father failed to object in the trial court that it failed to make the findings required by Code § 20-107.1(F), we will not consider that argument for the first time on appeal. Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Father also contends that the evidence presented at trial was insufficient to support the trial court's award of spousal support to wife. He argues that "[d]uring the testimony regarding her request for spousal support, [mother] testified regarding her income and expenses and those of [father]," but that "[n]o other evidence was proffered with regard to the statutory factors."

Father's argument is without merit. Tab 12 from mother's trial notebook, admitted into evidence without objection, listed each of the Code § 20-107.1(E) factors and included evidence pertaining to each factor. See Commonwealth v. Jenkins, 255 Va. 516, 522, 499 S.E.2d 263, 266

(1998) (Court of Appeals erred in disregarding handwritten notation on discharge summary received into evidence without objection when evaluating sufficiency of evidence). The trial court expressly stated in its final decree that "the statutory factors outlined by [mother] at [T]ab 12 . . . are convincing in their detail."

"Our standard of review requires that we presume the judgment of the trial court to be correct and that we sustain its finding unless it is plainly wrong or without evidence to support it." M. Morgan Cherry & Assocs. v. Cherry, 38 Va. App. 693, 702, 568 S.E.2d 391, 396 (2002) (*en banc*) (citations omitted). The record presented on appeal contains credible evidence to support the trial court's award of spousal support to mother.

### B. Mother's Assertions

Mother contends the trial court abused its discretion in awarding her only $500 monthly in spousal support.

She specifically contends that the trial court erred by awarding her permanent spousal support in an amount less than the amount of temporary spousal support she received pursuant to the *pendente lite* award.[5] Code § 20-103(E) clearly provides that a *pendente lite* award of spousal support "shall have no presumptive effect and shall not be determinative when adjudicating the underlying cause" of spousal support. Mother's bare assertion that the trial court erred in awarding her permanent spousal support in an amount less than the *pendente lite* amount is wholly without merit.

Mother also asserts that the trial court abused its discretion in failing to award her spousal support in an amount sufficient to provide her with a lifestyle to which she was accustomed during the parties' marriage. "When a party to a divorce suit establishes an entitlement to [spousal]

---

[5] The trial court's permanent award of spousal support to mother was $45.44 less than its *pendente lite* award.

support, the law imposes upon the party liable for that support a duty to maintain the dependent party according to the parties' marital lifestyle." McCombs v. McCombs, 26 Va. App. 432, 436, 494 S.E.2d 906, 908 (1998). "However, this obligation is tempered by the financial ability of the breaching spouse and by consideration of all of the factors of Code § 20-107.1." Id. "Where the trial court has considered all of the statutory factors, and has provided written findings and conclusions identifying the statutory factors that support its ruling, we will not disturb that decision on appeal absent a clear abuse of discretion." McKee v. McKee, 52 Va. App. 482, 494, 644 S.E.2d 505, 511 (2008) (*en banc*) (citing Robinson v. Robinson, 50 Va. App. 189, 648 S.E.2d 314 (2007)).

In its award of spousal support to mother, the trial court expressly adopted mother's evidence contained in Tab 12 of her trial binder cataloging each of the Code § 20-107.1(E) statutory factors. Tab 12 provides, "[father] [] contributed financially off [and] on during our 15 year marriage, although we found we relied on his parents to help support us financially." The record reflects the parties' reliance on the financial support provided by father's parents subsidized the lifestyle they enjoyed during their marriage, a lifestyle otherwise beyond their financial means.

We cannot find from the record that the trial court erred in failing to award mother an amount of spousal support sufficient to provide her with a lifestyle inflated by the parties' reliance on father's parents' financial support during their marriage.

Mother further contends the trial court abused its discretion in "fail[ing] to also account for fault grounds" in awarding spousal support pursuant to "Va. Code Sect. 20-107.3(E)(5)."

Pursuant to Rule 5A:20(e), an appellant's brief must contain "[t]he principles of law, the argument, and the authorities relating to each question presented." Rule 5A:20(e).

Code § 20-107.3(E)(5), cited by mother in support of her argument, relates to equitable distribution of the marital estate, not spousal support. Mother otherwise provides no authority to support her argument that the trial court should have considered her allegations of marital fault in

determining the amount of the spousal support award. Because mother failed to comply with the provisions of Rule 5A:20(e), and her failure to do so was substantial, we will not consider this argument on appeal. See Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008) (citing Cirrito v. Cirrito, 44 Va. App. 287, 302 n.7, 605 S.E.2d 268, 275 n.7 (2004) (citing Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (holding that "[s]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration"))). See also, Jay v. Commonwealth, 275 Va. 510, 659 S.E.2d 311 (2008).

Accordingly, we affirm the trial court's award to mother of spousal support in the amount of $500 monthly.

## III. Child Support

Father and mother each contend the trial court erred in awarding mother child support of $200 monthly. For the following reasons, we reverse the trial court's monthly child support award and remand for recalculation of the parties' child support obligations.

We have previously held that

> [t]he starting point for a trial court in determining the monthly child support obligation of a party is the amount as computed by the schedule found in Code § 20-108.2(B). This amount is determined according to a schedule that varies according to the combined gross income of the parties and the number of children involved. No additions or subtractions from the gross income, as defined in Code § 20-108.2(C), even if otherwise valid considerations, may be made *before* this figure is determined. However, *after* determining the presumptive amount of support according to the schedule, the trial court may adjust the amount based on the factors found in Code §§ 20-107.2 and 20-108.1. Deviations from the presumptive support obligation must be supported by written findings which state why the application of the guidelines in the particular case would be unjust or inappropriate. [See Code § 20-108.2(A).] If the applicability of the factors is supported by the evidence and the trial judge has not otherwise abused his or her discretion, the deviation from the presumptive support obligation will be upheld on appeal.

Richardson v. Richardson, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991) (emphasis in original).

In its April 27, 2007 letter opinion, the trial court informed the parties of its intent to award mother monthly child support of $200. The parties stipulated that father's gross income at that time was $32,440 annually. "Absent clear evidence to the contrary in the record, the judgment of a trial court comes to an appellate court with a presumption that the law was correctly applied to the facts." Bottoms v. Bottoms, 249 Va. 410, 414, 457 S.E.2d 102, 105 (1995). Accordingly, absent such evidence, we presume the trial court's award of child support was properly calculated under the statutory guidelines.

Here, however, prior to its entry of the final decree establishing child support, the trial court noted in its November 6, 2007 letter to the parties that father's "income" was "now $69,000.00 a year." However, in its final decree, entered on November 15, 2007, the trial court awarded mother child support in the amount of $200 monthly, ostensibly based on the parties' earlier stipulation that father's annual gross income was $32,440, not the $69,000 gross annual income it noted in its November 6, 2007 letter to the parties.

It is apparent from the face of the record that the trial court did not recalculate the parties' respective child support obligations under the guidelines using father's increased annual income, and its award of $500 monthly spousal support to mother. The amount of child support under the child support guidelines must be based on the parents' actual gross income. Richardson, 12 Va. App. at 21, 401 S.E.2d at 896; Code § 20-108.2(C).

Accordingly, we reverse the trial court's award of $200 monthly in child support to mother and remand for recalculation using the parties' respective incomes at the time of the final decree.

## IV. Attorney's Fees and Costs

Mother contends the trial court abused its discretion in denying her request that father be ordered to pay her attorney's fees and costs, because she was "the financially dependent spouse" and because of husband's alleged marital fault. "An award of attorney's fees to a party in a divorce

suit is a matter for the exercise of the trial court's sound discretion after consideration of the circumstances and equities of the entire case." Davis v. Davis, 8 Va. App. 12, 17, 377 S.E.2d 640, 643 (1989) (citing Wagner v. Wagner, 4 Va. App. 397, 411, 358 S.E.2d 407, 414 (1987)).  We will reverse the trial court's decision whether to award attorney's fees to a party only where the record shows a clear abuse of discretion.  See Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976).

The trial court specifically found that, "[t]his case has been unnecessarily litigious and drawn out by both sides.  Not only has that occurred, but the parties also have similar financial resources to pay the amounts generated in this case.  Therefore, each will bear their own costs and fees . . . . "  On this record we cannot find that the trial court abused its discretion in declining to award attorney's fees and costs to mother.

Mother also seeks attorney's fees and costs on appeal.

> "The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear.  The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment."

McGinniss v. McGinniss, 49 Va. App. 180, 190-91, 638 S.E.2d 697, 702 (2006) (quoting O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996)).

On consideration of the record before us, we decline to award attorney's fees and costs incurred by mother on appeal.

## V.  Conclusion

On the record presented, we conclude the trial court did not err by awarding spousal support to mother in the amount of $500 monthly and declining to award her attorney's fees and costs incurred in the trial court.  Accordingly, we affirm its judgment as to those matters.

However, we conclude that the trial court erred in its determination of child support under the statutory guidelines by failing to calculate the amount of support using father's actual gross income at the time of the entry of the final decree of divorce and its award to mother of spousal support of $500 monthly.  Accordingly, we reverse its award of child support, and remand for recalculation of the parties' respective child support obligations, taking into account each party's income from all sources at the time of the final decree.  See Code § 20-108.2(C) (defining "gross income" for purposes of Code § 20-108.2 as "all income from all sources").  We also decline to award mother her attorney's fees and costs incurred on appeal.

Affirmed in part,
reversed in part
and remanded.