COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judge Elder and Senior Judge Willis
Argued at Chesapeake, Virginia


CHRISTOPHER JOHN DUVA

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0117-11-1                      JUDGE JERE M.H. WILLIS, JR.
                                                            OCTOBER 25, 2011
KAREN DENISE DUVA


              FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                             William R. O'Brien, Judge

         Diane J. Manning (Thomas and Associates, P.C., on brief), for
         appellant.

         Robert B. Jeffries (Bob Jeffries & Associates, P.C., on brief), for
         appellee.


     On appeal from an equitable distribution and spousal support award, Christopher John Duva

(husband) contends that the trial court erred (1) in classifying rental income from the Rhode Island

property as marital property; (2) in distributing the equity in the Rhode Island property equally

between the parties; (3) in classifying the mortgage payments made on the Rhode Island property as

marital, when he paid a portion of the mortgage payments from his separate funds post-separation[1];

(4) in ordering him to pay Karen Denise Duva (wife) spousal support of unlimited duration; and

(5) in failing to give him full credit for paying off $87,040 of marital debt by using his separate

--------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We note that the first half of this assignment of error is a restatement of the first
assignment of error. The second half of the assignment of error, with respect to husband's
post-separation payments, was not preserved and will not be considered. See Rule 5A:18; Ohree
v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (We "will not consider an
argument on appeal which was not presented to the trial court.").

funds and/or in failing to equitably apportion the marital debt. We affirm the judgment of the trial court.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

So viewed, the evidence proved that husband and wife were married on October 22, 1995 and separated in May 2006. Prior to the marriage, husband purchased a home in Rhode Island (the Rhode Island property). The Rhode Island property was titled solely in his name and remained in his name alone throughout the marriage. He financed the entire purchase price, $81,200, through a mortgage in his name only. In early 1997, the parties rented the property and thereafter serviced the mortgage with rental income supplemented with marital funds when necessary.

In July 1998, husband refinanced the property, borrowing $81,600, withdrawing the accumulated equity, and leaving the residual equity at zero. The new mortgage was serviced as before.

Wife filed for divorce in 2006. In 2008, the trial court ruled on equitable distribution, spousal support, and visitation.[2] It held that the Rhode Island property was marital property and awarded wife spousal support for an unlimited duration.

On appeal, we reversed and remanded the equitable distribution and spousal support rulings.[3] See Duva v. Duva, 55 Va. App. 286, 685 S.E.2d 842 (2009). We held that the trial

---

[2] The parties previously agreed that they would share joint legal custody of their two children, and wife would have primary physical custody.

[3] Since visitation is not an issue in this appeal, we will not discuss the Court's ruling on visitation.

court had applied an incorrect standard in classifying the Rhode Island property because "the trial court did not consider marital funds losing its classification as marital property when commingled with the receiving property. It did not consider whether wife traced the marital funds." Id. at 294, 685 S.E.2d at 846. We remanded the case for the trial court to "revisit its equitable distribution award." Id. at 295, 685 S.E.2d at 847. Because the equitable distribution award was reversed and remanded, we also reversed and remanded the spousal support award. Id. at 300-01, 685 S.E.2d at 849. We also remanded the apportionment of debt associated with husband's refinance of the Rhode Island property. We instructed the trial court: "After determining the classification of the Rhode Island property, the trial court must then apportion the marital debt and determine whether husband is entitled to any reimbursement, if separate property paid marital debt." Id. at 302-03, 685 S.E.2d at 850.

On remand, the trial court held that wife had met her burden in retracing and proving that the mortgage on the Rhode Island property had been serviced totally by marital funds, that the resulting equity was marital, and divided that equity equally between the parties. It awarded husband credit for paying marital debt with his share of the equity. It awarded wife spousal support for an unlimited duration. On December 17, 2010, the trial court entered an amended final decree of divorce incorporating those holdings. This appeal followed.

ANALYSIS

I. Equitable Distribution

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

A. Rhode Island Property

Husband argues that the trial court erred in classifying rental income from the Rhode Island property as marital property.

We remanded the issue of the classification of the Rhode Island property because the trial court had failed to consider whether the marital funds used to pay the mortgage lost their classification as marital property through commingling into husband's separate property. Duva, 55 Va. App. at 294, 685 S.E.2d at 846. We instructed the trial court to determine whether wife traced the marital funds. Id.

Because husband purchased the Rhode Island property before the marriage, the Rhode Island property was presumed to be his separate property. "'[P]roperty acquired before marriage is presumed to be separate.'" Id. at 297, 685 S.E.2d at 848 (quoting Robinson v. Robinson, 46 Va. App. 652, 662, 621 S.E.2d 147, 152 (2005)).

The parties received rental income from the Rhode Island property. "In the case of income received from separate property during the marriage, such income shall be marital property only to the extent it is attributable to the personal efforts of either party." Code § 20-107.3(A)(3)(a). "'Personal effort' of a party shall be deemed to be labor, effort, inventiveness, physical or intellectual skill, creativity, or managerial, promotional or marketing activity applied directly to the separate property of either party." Id.

Upon remand, the trial court concluded that the rental income was marital property because "the rental income began only after the parties were married. Therefore all of the income received was attributable to the personal efforts of the parties." The court cited the following examples to prove the parties' personal efforts: "the parties made the decision to rent out the house, painted the house, and collected the rent." They replaced the septic system.

The evidence proved that the parties engaged in managerial activities in handling the rental of the Rhode Island property. Wife presented evidence that the rent was deposited into the Chartway Federal Credit Union account, from which it was transferred to the Navy Federal Credit Union account, from which wife would pay the mortgage as well as the parties' other obligations. For most of the marriage, both bank accounts were jointly titled. Both parties testified that the rental income was insufficient to cover the mortgage payments, so they would make up the difference with marital funds.

The trial court held that the rental income was transmuted to marital property. It held that wife had met her burden of tracing those funds into the jointly owned Navy Federal Credit Union account where they were commingled with the parties' marital funds. It explained, "Although Wife could not produce financial statements that showed the mortgage payment for the entire period from 1995 to 2007, the documents she provided combined with Husband's and Wife's testimony establish by a preponderance of the evidence that the mortgage was paid with the rental income, and additional marital funds when necessary."

Wife introduced a chart with supporting documentation to show all of the mortgage payments made from January 2002 through April 2006. The mortgage payments were paid from the joint Navy Federal Credit Union account. Wife's chart showed only five deposits from the rental income account during this fifty-two-month period. Numerous other deposits and withdrawals occurred in the account during this period.

In McIlwain v. McIlwain, 52 Va. App. 644, 658-59, 666 S.E.2d 538, 546 (2008), husband "proved his separate property was deposited into the [bank] account. However, husband's analysis ignores the purpose of the account and the effect of activity in the account after the deposits. He does not trace his separate funds directly to the *withdrawals*." Likewise, in this

- 5 -

case, husband proved only that some rental income was deposited into the Navy Federal Credit Union account, and he did not trace the rental income directly to the mortgage payments.

"[I]f a party 'chooses to commingle marital and non-marital funds to the point that direct tracing is impossible,' the claimed separate property loses its separate status." Rahbaran v. Rahbaran, 26 Va. App. 195, 208, 494 S.E.2d 135, 141 (1997) (quoting Melrod v. Melrod, 574 A.2d 1, 5 (Md. Ct. Spec. App. 1990)). "Even if a party can prove that some part of an asset is separate, if the court cannot determine the separate amount, the 'unknown amount contributed from the separate source transmutes by commingling and becomes marital property.'" Id. at 208-09, 494 S.E.2d at 141 (quoting Brett R. Turner, Equitable Distribution of Property 268 (1994)). Since only a portion of the rental income was transferred to the Navy Federal Credit Union account and the transferred rental income could not be traced directly to the mortgage payments, the rental income lost its separate status. Therefore, the mortgage was paid with marital funds.

However, the marital funds became commingled with separate property when the parties paid the mortgage on the Rhode Island property, "resulting in the presumption that the marital funds were transmuted to separate property." Moran v. Moran, 29 Va. App. 408, 413, 512 S.E.2d 834, 836 (1999). The question then became whether wife could trace the marital funds and show that the marital funds reduced the principal of the mortgage, allowing the parties to "acquire[] value" in the Rhode Island property. Id. at 414, 512 S.E.2d at 836.[4]

_____

[4] See also Code § 20-107.3(A)(3)(d), which states as follows:

> When marital property and separate property are commingled by contributing one category of property to another, resulting in the loss of identity of the contributed property, the classification of the contributed property shall be transmuted to the category of property receiving the contribution. However, to the extent the contributed property is retraceable by a preponderance of the

Husband financed the entire purchase price of the Rhode Island property ($81,200), with no down payment. He refinanced the mortgage in 1998 for $81,600, an amount $400 greater than the initial purchase price. The accrued equity was withdrawn. The residual equity was reduced to zero. In January 2007, husband refinanced a second time. The indebtedness had then been reduced to $44,326. The entire reduction in mortgage principal, and consequent generation of equity, was due to the infusion of marital funds from the Navy Federal Credit Union account. Thus, wife traced the infusion of marital funds and proved that the acquired equity in the Rhode Island property derived from marital funds.

Thus, the trial court did not err in holding that the equity in the Rhode Island property was marital property, acquired by duly traced marital funds, and in awarding wife one-half of that equity.

## B. Debts

Husband argues that the trial court abused its discretion in failing to give him credit for paying off $87,040 of marital debt from the refinance of the Rhode Island property, or in the alternative, for failing to divide the marital debt.[5]

Code § 20-107.3(C) authorizes a court to divide marital debt.[6] The trial court held that the debt was joint. Husband refinanced the Rhode Island property and paid the $87,040 debt. He claimed a credit for the full amount. The trial court ruled that husband was entitled to one half, $43,520.

---

evidence and was not a gift, such contributed property shall retain its original classification.

[5] Neither party contests the fact that $87,040 was used to pay marital debt.

[6] Subsequent to the trial court's ruling, the General Assembly modified Code § 20-107.3 to clarify a trial court's authority when dividing marital debt. The changes in Code § 20-107.3 do not affect the outcome of this case.

Husband argues that he is entitled to a credit for the full amount of $87,040 because he used separate funds to pay the marital debt. His argument is based on his assertion that the Rhode Island property was his separate property. Because we are affirming the trial court's holding that the equity in the Rhode Island property was marital, and not separate, husband's argument fails.

The trial court did not err in crediting husband with half of the marital debt, or $43,520.

## II. Spousal Support

Husband argues that the trial court erred in awarding wife spousal support in the amount of $600 per month for an undefined duration.

"'In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. Accordingly, our review is limited to determining whether the trial court clearly abused its discretion.'" West v. West, 53 Va. App. 125, 130-31, 669 S.E.2d 390, 393 (2008) (quoting Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005)).

Husband contends the trial court did not provide sufficient reasoning for its award of spousal support, especially in light of husband's medical condition that forced his retirement from the U.S. Navy and wife's ability to seek full time employment.

In awarding spousal support, a trial court must consider the factors in Code § 20-107.1(E). However, "[t]his does not mean that the trial court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors. It does mean, however, that the court's findings must have some foundation based on the evidence presented." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

The trial court provided detailed reasoning for its decision regarding spousal support and carefully reviewed the factors in Code § 20-107.1(E). It emphasized the duration of the parties'

marriage[7] and their standard of living during the marriage. It noted that during the marriage, husband was the primary wage earner, while wife worked part-time and took care of the children and the household. It concluded that the parties' ages and physical conditions did not prevent them from working. It acknowledged that husband's physical condition caused him to retire from the military, but noted that at the time of trial, he was working as a heating and air conditioning repairman, and earning more than wife, who was working part time as a teacher and house cleaner. It noted that husband's income was supplemented by his military retirement and disability pay, while the disability waiver decreased wife's share of the military retirement pay.

Wife presented evidence to show that she needed, and husband had the ability to pay, spousal support. See Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) ("With regard to how the court shall fashion an award of spousal support, the law's aim is to provide a sum for such period of time as needed to maintain the spouse in the manner to which the spouse was accustomed during the marriage, balanced against the other spouse's ability to pay." (citing Lapidus v. Lapidus, 226 Va. 575, 580, 311 S.E.2d 786, 789 (1984))).

Sufficient evidence supports the trial court's award of spousal support to wife for an undefined duration.[8]

### III. Attorney's Fees and Costs

Husband asks this Court to award him attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Because wife has

---

[7] Husband notes that the trial court erred in stating that the parties' marriage lasted thirteen years, when in fact, it lasted approximately ten years. We find this error to be harmless in the overall analysis of spousal support.

[8] Husband contends the trial court erred in failing to make findings supporting its decision to award support for an unlimited duration. Code § 20-107.1 does not require such findings. Husband may, when appropriate, seek modification upon showing a change of circumstances.

prevailed in this appeal, we deny husband's request for attorney's fees and costs. <u>Rogers v.</u>

<u>Rogers</u>, 51 Va. App. 261, 274, 656 S.E.2d 436, 442 (2008).

CONCLUSION

We affirm the judgment of the trial court.

<u>Affirmed.</u>