COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, McCullough and Senior Judge Bumgardner

WILLIAM ALEXANDER PATTERSON

MEMORANDUM OPINION[*]
v.     Record No. 0602-13-3            PER CURIAM
AUGUST 27, 2013

KATHY LYNNETTE PATTERSON

FROM THE CIRCUIT COURT OF THE CITY OF SALEM
Robert P. Doherty, Jr., Judge

(Rena G. Berry, on brief), for appellant.

(Thomas E. Strelka; Strickland, Diviney & Strelka, on brief), for
appellee.


William Alexander Patterson (husband) appeals an order in which the trial court awarded

$2,150 per month in spousal support to Kathy Lynnette Patterson (wife). Husband argues that the

trial court erred by (1) determining an amount of spousal support that is contrary to the law and facts

and by: (A) "determin[ing] support without giving due regard to the factors" in Code § 20-107.1,

and (B) giving "too much weight to Ms. Patterson's right to be maintained in the manner to which

she was accustomed and gave little weight to Mr. Patterson's ability to pay"; (2) deciding "spousal

support prior to resolution of all matters and/or issues in the case"; and (3) awarding spousal support

to wife without considering her ability to earn income and accepting her assertion, "without expert

and/or medical evidence," that wife had a medical condition which prevented her from being

"gainfully employed." Upon reviewing the record and briefs of the parties, we conclude that this

appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See

Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on February 28, 1982, and separated in November 2009. On May 6, 2011, the parties entered into a handwritten agreement regarding the parties' real property and automobiles.[1] On August 18, 2011, the trial court entered a decree of divorce. The divorce decree affirmed, ratified, and approved a "partial post-nuptial agreement resolving some of their property rights" and retained jurisdiction for the trial court "to resolve any equitable distribution issues and to consider factors necessary to determine whether spousal support is warranted."

The trial court subsequently held several hearings on the remaining equitable distribution and spousal support issues.[2] The parties presented evidence that husband had been working at Yokohama Tire since 1984. In March 2012, husband testified that he earned $24.47 per hour[3] and worked twenty to thirty hours per week in overtime, which totaled approximately $80,000 per year. However, in November 2012, he testified that Yokohama Tire was no longer offering overtime and that recently, he had to work less than forty hours per week. He also presented six paystubs from August 18, 2012 to October 6, 2012 to show his current income.

Wife testified that she suffered from lymphoma, lupus, and diabetes. The parties deposed wife's oncologist, Dr. Vandana Karri, on June 1, 2012. Wife was one of Dr. Karri's patients from March 2011 until September 2011. During that time period, wife underwent chemotherapy

---

[1] The parties modified the May 6, 2011 agreement on November 9, 2012.

[2] At the November 9, 2012 hearing, the trial court confirmed the parties had resolved all issues except spousal support.

[3] At the November 9, 2012 hearing, husband presented evidence that his hourly rate was $26.45.

for lymphoma. Dr. Karri testified that at the end of the treatment, wife showed no sign of cancer and that her prognosis was good.

In November 2012, wife testified that she was receiving permanent disability in the amount of $1,098 per month. Although wife had worked periodically during the marriage, she was not working in November 2012. She was receiving Medicaid on a "spend down" plan, which meant that Medicaid would cover her expenses after she paid approximately $4,200 every six months.

On December 28, 2012, the trial court issued a letter opinion. After reviewing the factors in Code § 20-107.1(E), the trial court awarded wife the sum of $2,150 per month in spousal support. Husband filed a list of objections, and on February 27, 2013, the trial court entered the spousal support order. This appeal followed.

ANALYSIS

"'In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. Accordingly, our review is limited to determining whether the trial court clearly abused its discretion.'" West v. West, 53 Va. App. 125, 130-31, 669 S.E.2d 390, 393 (2008) (quoting Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005)).

*Assignments of error 1(A) and 1(B)*

Husband argues that the trial court erred in establishing the amount of spousal support awarded to wife. He contends the trial court did not consider the factors in Code § 20-107.1(E) and gave too much weight to wife being maintained in the manner to which she was accustomed. Husband asserted that the trial court did not consider his ability to pay support.

In awarding spousal support, a trial court must consider the factors in Code § 20-107.1(E); however, "[t]his does not mean that the trial court is required to quantify or elaborate exactly

what weight or consideration it has given to each of the statutory factors. It does mean, however, that the court's findings must have some foundation based on the evidence presented." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

As explained in its letter opinion, the trial court reviewed the Code § 20-107.1(E) factors in detail. The trial court stated that the parties had been married for twenty-six years and that three children were born of the marriage.[4] Further, the trial court noted each party's age and physical and mental condition. While husband was in good physical condition, wife's physical condition was deteriorating. She had been diagnosed with lymphoma, lupus, and diabetes. During the marriage, both parties worked, although husband was the "primary breadwinner" and wife was the "primary caretaker of the children." The trial court emphasized that "both of them contributed one hundred percent of their activities and energies, both monetary and non-monetary, to the marriage and to the well being of their family throughout the majority of their marriage." The trial court concluded that wife's "physical condition limits her employment skills in the future." Therefore, "[w]ife has shown a need for spousal support and [h]usband has shown an ability to provide it."

Husband contends the trial court erred by computing his income by including overtime. However, the trial court calculated husband's income based on the evidence presented, including his income as of October 2012 and any overtime he had earned as of that date. The trial court found that husband's current income averaged $6,947.62 per month and estimated his 2012 annual income to be $83,370.24.

Husband also argues that the trial court erred by adjusting his expenses and eliminating some of his debt payments. The trial court further explained that both parties were "trying to

---

[4] Wife obtained custody of her niece when the child was two years old. As of December 2012, the niece was seventeen years old. The parties raised her, but husband did not adopt her.

maintain the standard of living that they were accustomed to during the marriage." The trial court had the opportunity to examine the parties' expenses and determined that some of husband's expenses were "excessive" and adjusted them accordingly. The trial court disregarded "his recreation and charitable donations, the money he pays his adult daughter, [and] the excesses he has listed for automobile costs." The trial court also "reduced the excessive monthly debt payments he claims he makes."

There is nothing in the record to suggest that the trial court abused its discretion by adjusting the expenses and calculating the income.

Husband also asserts that the trial court should have considered wife's earning capacity; however, husband presented no evidence as to what wife may have been able to earn. To the contrary, the evidence was that wife was on permanent disability and unable to work.

Accordingly, the trial court did not err in establishing $2,150 per month as husband's spousal support obligation.

*Assignment of error 2*

Husband argues that the trial court erred when it decided spousal support prior to resolving all other matters in the case. Husband claims that the trial court failed to distribute $10,000, which was located in the parties' safe in the house. Husband states that he requested distribution of this asset at the March 29, 2012 hearing. He also asserts that he requested a distribution of the marital debt, a significant amount of which he paid since the separation.

The parties appeared before the trial court on November 9, 2012, and presented a modified property settlement agreement. After the trial court reviewed and accepted the agreement, the following colloquy occurred:

> THE COURT: . . . Do I understand the only thing left to complete today then is a question of support?
>
> MR. STRELKA [Wife's attorney]: Yes. . . .

Husband did not object, and in fact, at no point did husband's counsel clarify that husband sought division of the $10,000 and marital debt. In fact, at the conclusion of the hearing, the trial court said, "What I'd like to do is have the lawyers come back, let's go through my notes, make sure I have all the evidence I'm supposed to get before I give you an opinion."

The December 28, 2012 letter opinion recites the procedural history of the case, including the entry of the final divorce decree and the parties entering "into a Post-Nuptial Agreement resolving all of their outstanding property questions involving equitable distribution." The trial court concluded, "The only remaining issue to be decided is the question of spousal support."

Husband filed objections to the ruling on February 22, 2013, and included objections to the trial court failing to resolve the issues of the $10,000 and marital debt. A hearing was held on February 27, 2013. Husband's counsel told the trial court that she had filed objections, but never asked the trial court to rule on the division of the $10,000 and marital debt. Husband's counsel never brought to the trial court's attention husband's objection that spousal support should not have been decided yet.

Where the trial court does not rule on an appellant's objection, "there is no ruling for us to review on appeal." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998). See Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993). Accordingly, there is no ruling for us to review, and we will not consider this assignment of error.

*Assignment of error 3*

Husband argues that the trial court erred when, "without expert and/or medical evidence to support [wife's] bare assertion that she has a medical condition which prevented her from being gainfully employed and lacking evidence that [wife] was disabled, [it] granted spousal support without considering her ability to earn income."

The trial court heard evidence that wife was on permanent disability. Furthermore, wife's oncologist provided testimony regarding wife's lymphoma and chemotherapy treatments. Dr. Karri opined wife's prognosis was "good," which meant that wife had a "50/50" chance of the cancer recurring. In November 2012, wife testified that she was receiving autoimmune treatments for a bone marrow transplant and was waiting to hear when the transplant would occur. Contrary to husband's argument, the trial court received sufficient evidence regarding wife's medical condition and its effect on her employability. The trial court concluded, "Wife's physical condition has drastically deteriorated in recent years. . . . Her physical disabilities prevent her from working at this time."

In his opening brief, husband argues that wife had worked in the past despite her health, but he presented no evidence to suggest what she could be earning at this time. See Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 783-84 (1999).

Despite husband's arguments to the contrary, the trial court considered wife's ability to earn income by looking at what she earned at the time of the separation and then concluded that wife's current medical condition, which had deteriorated since the date of separation, prevented her from working now.

The record clearly established that wife's medical conditions prevented her from working. The trial court did not abuse its discretion in awarding spousal support to wife. Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.