UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Beales and Senior Judge Clements


SEONYOUNG KIM

                                                        MEMORANDUM OPINION[*]
v.      Record No. 1485-13-1                                 PER CURIAM
                                                          JANUARY 14, 2014
DANIEL LEE


                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                              Karen J. Burrell, Judge

              (Romy L. Radin; Radin & Radin, P.C., on brief), for appellant.

              No brief for appellee.[1]


        Seonyoung Kim (wife) appeals a final decree of divorce.  Wife argues that the trial court

erred by (1) permitting Daniel Lee's (husband) witness, Sul-ki Lee, to testify over wife's objection

because husband did not identify the witness in discovery; (2) classifying husband's student loans as

marital debt; (3) allocating seventy percent of the student loan debt to wife; (4) determining the

amount of the student loan debt for equitable distribution purposes; and (5) awarding spousal

support to husband.  Upon reviewing the record and briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See

Rule 5A:27.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] On January 2, 2014, appellee requested an extension of time to file his brief.
Considering our ruling in this case, we deny appellee's request.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on November 7, 1987 in Seoul, Korea and came to the United States shortly thereafter for husband to study at the University of Iowa. For financial reasons, husband stopped his studies and worked full time, while wife pursued a master's degree. After wife obtained a master's degree in computer science, she initially planned to earn a Ph.D., but instead decided to enter a seminary in Washington D.C. Meanwhile, husband worked full time, managed the household, and took care of the parties' two children. Wife graduated from seminary, became an ordained minister, and was assigned to a church in Virginia. She was employed as a minister throughout the rest of the parties' marriage. In 2003, husband went to seminary at Duke University and earned his degree in two and a half years. He obtained student loans to pay for his education at Duke University. He gave a portion of his funds from the student loans to wife for living expenses.

On May 18, 2008, husband and wife separated. In February 2012, husband filed for divorce. At the time of the final hearing, both were employed as full-time ministers. Husband earned $18,000 per year, and wife earned $40,000 per year. The trial court granted husband the divorce and awarded him spousal support. It also determined that husband's student loans were marital property and ordered wife to pay seventy percent of the debt. The trial court entered the final decree of divorce on July 9, 2013, and this appeal followed.

ANALYSIS

*Assignment of error #1 – Witness*

Wife argues that the trial court erred in allowing Sul-ki Lee to testify on husband's behalf because he did not identify her as a witness in discovery.

The record does not include husband's responses to wife's interrogatories. Therefore, the Court is unable to review this assignment of error. See Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) ("In the absence [of a sufficient record], we will not consider the point.").

*Assignments of error #2, 3, and 4 – Student Loans*

Wife argues that the trial court erred in classifying husband's student loans as marital debt, valuing the debt at $95,265.90, and allocating seventy percent of the debt to her.

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

"In making an equitable distribution, the court must classify the property, assign a value, and then distribute the property to the parties, taking into consideration the factors listed in Code § 20-107.3(E)." Theismann v. Theismann, 22 Va. App. 557, 564, 471 S.E.2d 809, 812 (citing Alphin v. Alphin, 15 Va. App. 395, 403, 424 S.E.2d 572, 576 (1992)), aff'd on reh'g en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996).

> Marital debt is . . . (ii) all debt incurred in either party's name after
> the date of the marriage and before the date of the last separation
> of the parties, if at such time or thereafter at least one of the parties
> intends that the separation be permanent. However, to the extent
> that a party can show by a preponderance of the evidence that the
> debt, or a portion thereof, was incurred, or the proceeds secured by
> incurring the debt were used, in whole or in part, for a nonmarital

> purpose, the court may designate the entire debt as separate or a portion of the debt as marital and a portion of the debt as separate.

Code § 20-107.3(A)(5).

Husband's student loan debt was incurred after the date of the marriage and before the date of separation; therefore, it is presumed to be marital. The trial court held that wife did not present "any credible evidence to establish that the loans were used, in whole or in part, for a nonmarital purpose." Husband testified that he used the loans for his education and family. He also gave a portion of the funds to wife for her use. The loans increased husband's earnings for the benefit of the family. Therefore, contrary to wife's arguments, the student loan debt is marital debt.

Wife argues that the trial court erred in valuing the amount of the student loan debt because husband did not produce any documentary evidence to support his figures.

"As '[t]he value of property is an issue of fact, not of law,' Howell v. Howell, 31 Va. App. 332, 340, 523 S.E.2d 514, 518 (2000), we are bound by this finding on appeal, unless it is plainly wrong or without evidence to support it, Smith v. Board of Supervisors, 201 Va. 87, 91, 109 S.E.2d 501, 505 (1959)." Patel v. Patel, 61 Va. App. 714, 722, 740 S.E.2d 35, 39 (2013).

Husband testified that as of the date of separation, his student loans from the University of Iowa and Duke University totaled approximately $93,000, plus an additional loan from Duke University for $2,265.90. The trial court accepted these figures and held that the student loan debt was $95,265.90. The trial court did not err in accepting husband's testimony, as there is nothing in the record to contradict these figures.

Furthermore, wife argues that the trial court erred in allocating seventy percent of the student loan debt to her. She contends the student loan debt was incurred for the benefit of husband, and he should be responsible for the debt.

The trial court analyzed the Code § 20-107.3(E) factors in determining equitable distribution and the allocation of the student loan debt. It found that husband's monetary and non-monetary contributions to the well-being of the family "far exceeded those of the wife." Husband was the "primary income generator" and "primary caretaker of the parties' children," while wife "was primarily focused on her own interests and educational/career advancement, even at the expense of the family." The trial court also considered that "wife's neglect of the family" and the "general break down of the marriage" caused the dissolution of the marriage. In addition to the above factors, the trial court focused on the length of the parties' marriage (twenty years), the original purpose of the loan, and the disparity in the parties' earning potential, when it decided to allocate seventy percent of the debt to wife.

Contrary to wife's arguments, the trial court did not abuse its discretion in the equitable distribution of the student loan debt.

*Assignment of error #5 – Spousal support*

Wife argues that the trial court erred in awarding spousal support to husband because he "probably could be earning more if he pursued more avenues of employment." However, wife did not present any evidence to support her argument that husband was under-employed. She did not offer the testimony of a vocational expert or suggest other possible jobs for husband. She argued that he chose not to become an ordained minister in the same denomination in which she was ordained, but he explained that it was not a viable option for him.

"'In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. Accordingly, our review is limited to determining whether the trial court clearly abused its discretion.'" West v. West, 53 Va. App. 125, 130-31, 669 S.E.2d 390, 393 (2008) (quoting Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005)).

The trial court reviewed the factors in Code § 20-107.1(E) to determine whether spousal support should be awarded. It noted that wife earned $40,000 per year, while husband earned $18,000 per year. Both worked full time as ordained ministers. The trial court found that husband's monetary and non-monetary contributions to the well-being of the family "far exceed[ed] those of his wife." The trial court held that wife made "negative non-monetary contributions to the well-being of the family by not only being removed and distant from her husband, but also the children." The trial court further took into consideration that husband was the "primary bread winner" for the family, while wife pursued her education. She did not support husband when he tried to further his education. The trial court noted that wife's earning potential was greater than husband's earning potential. Therefore, the trial court awarded husband $300 per month in spousal support, for a period of three years.

Considering the circumstances of this case, the trial court did not abuse its discretion in awarding spousal support to husband.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>