UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Retired Judge Felton[*]

KATHLEEN ANN McKENNA

MEMORANDUM OPINION[**]

v.      Record No. 1780-15-2                                              PER CURIAM
                                                                          JULY 26, 2016

GEORGE F. HARPLE

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Phillip L. Hairston, Judge

(Michael L. Donner, Sr.; Setliff & Holland, P.C., on brief), for
appellant.

(Dawn B. DeBoer; Law Offices of Deanna D. Cook, PC, on brief),
for appellee.

Kathleen Ann McKenna (wife) appeals a final decree of divorce. Wife argues that the trial

court erred by (1) imputing $72,000 per year as income to wife for spousal support purposes;

(2) awarding none of George F. Harple's (husband) retirement funds to wife; and (3) awarding

husband his attorney's fees. Upon reviewing the record and briefs of the parties, we conclude that

this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

---

[*] Retired Judge Felton took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Husband and wife married on June 20, 1975 and separated on April 6, 2013. On May 15, 2013, wife filed a complaint for divorce. Husband filed an answer and counterclaim. On August 12, 2015, the parties appeared before the trial court for a hearing on equitable distribution, spousal support, and attorney's fees and costs. After hearing the parties' evidence and argument, the trial court took the matter under advisement.

On August 26, 2015, the trial court issued its letter opinion. The trial court considered the factors in Code § 20-107.3(E) and held that all of the parties' marital real property, with the exception of the Semmes Avenue property that was awarded to husband, was to be sold. The proceeds of the sale of the marital real property were to pay the parties' marital debt. After the debts were paid, then the remaining proceeds were to be divided equally between the parties. The trial court further held that husband would retain all of his retirement. After considering the factors in Code § 20-107.1(E), the trial court determined that neither party was entitled to spousal support. Lastly, the trial court awarded husband his attorney's fees and costs.

On October 8, 2015, the trial court entered a final decree of divorce, which incorporated the trial court's August 26, 2015 letter opinion. This appeal followed.

ANALYSIS

*Spousal support*

Wife argues that the trial court erred by imputing $72,000 per year as income to her for spousal support purposes because she earned that income twelve years before the trial.

Husband and wife worked throughout the marriage. At the time of the trial, wife was working as a teacher in Westmoreland County Public Schools and earned $50,776 per year. Husband was working as a teacher in Richmond City Public Schools and earned $63,000 per year; however, he was eligible to retire at the time of the trial. Prior to her current teaching job,

wife was last employed as a freelance writer. Wife's income as a freelance writer varied, but she stated that she earned "in the 60s and 70s," and as much as $72,000 in 2003.

"In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. Accordingly, our review is limited to determining whether the trial court clearly abused its discretion." West v. West, 53 Va. App. 125, 130-31, 669 S.E.2d 390, 393 (2008) (quoting Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005)).

"A court may under appropriate circumstances impute income to a party seeking spousal support." McKee v. McKee, 52 Va. App. 482, 489, 664 S.E.2d 505, 509 (2008) (en banc) (quoting Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990)). "The decision to impute income is within the sound discretion of the trial court and its refusal to impute income will not be reversed unless plainly wrong or unsupported by the evidence." Id. (quoting Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999)).

Code § 20-107.1(E) lists thirteen factors for a trial court to consider when determining spousal support. The trial court reviewed each factor in its letter opinion prior to deciding that neither party would receive an award of spousal support.

Wife testified that until March 2013, she worked as a freelance writer, but quit writing in order to have a more steady and dependable income. She explained that as a writer, "[y]ou either have a lot of work, or you have no work." However, husband presented evidence that as a freelance writer, wife earned more than she does as a teacher, and she earned more than he did. Wife stated that since becoming a public school teacher in Westmoreland County, she received new offers for freelance writing jobs, but did not accept them.

The trial court found that wife voluntarily left her job as a freelance writer for "lower-paying opportunities." In addition, the trial court held that wife had a "substantially

higher earning capacity" as a freelance writer than as a teacher. Although wife testified that she "tried to contact" employers in the private industry but could not find a job, the trial court stated that it was "not satisfied that [wife] would be unable to return to her previous employment." Contrary to wife's arguments, the trial court did not abuse its discretion by imputing income to her. The evidence supports the trial court's findings that wife was capable of earning more money and had voluntarily chosen to stop working as a freelance writer.

Wife further contends that because the trial court erred in imputing income to her, it also erred in denying her spousal support. However, the trial court examined all of the factors in Code § 20-107.1(E) before it decided to deny spousal support to both parties. It found that wife had "substantial separate property." It also ordered the marital real property, with the exception of the Semmes Avenue property, was to be sold and the proceeds were to pay the marital debt. The trial court found that "both parties' need for any spousal support would be greatly diminished" because of the provisions in the equitable distribution award. In addition to the equitable distribution award, the trial court considered that wife "voluntarily withdrew funds from her retirement account prematurely, over the objection of [husband]."

Considering the totality of the circumstances, the trial court did not err in denying wife's request for spousal support.

*Equitable distribution*

Wife argues that the trial court erred in its equitable distribution award because it did not award her one-half of husband's retirement.

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan, 10 Va. App. at 732, 396 S.E.2d at 678).

From 1986 until 1998, with a break between 1988 and 1989, wife earned retirement with the Virginia Retirement System (VRS) as a public school teacher.[1] After wife left her teaching position in Richmond City Public Schools, she cashed out her VRS retirement and received $28,166.65. She deposited the money into the retirement fund at the new company where she was working. When she left the company, she rolled the funds over into an Individual Retirement Account (IRA). As of August 2012, the IRA was valued at $43,812. Wife subsequently withdrew the funds from the IRA and deposited them into her checking account. She testified that she used all of the funds to pay bills.

Husband testified that he did not want wife to leave her employment where she was earning VRS. He was unaware of wife's withdrawal of the retirement funds to pay bills.

The trial court considered the factors in Code § 20-107.3(E), and with respect to husband's retirement, it denied wife's request for fifty percent of the marital share. The trial court found that over husband's objection, wife "prematurely withdrew funds from her own retirement fund." The trial court explained, "But for [wife] withdrawing her retirement funds, [husband] would be eligible to likewise request a 50% share of her retirement benefits." The trial court imputed wife's retirement funds to her and the claim that husband would have had to them, and therefore, concluded that she was not entitled to any of husband's retirement funds.

The evidence proved that wife withdrew and spent her retirement funds, while husband maintained his retirement funds with VRS. Considering the totality of the evidence, the trial court did not err in denying wife's request for fifty percent of the marital share of husband's retirement.

---

[1] From September 1986 until June 1988, wife worked as a teacher in Powhatan County Public Schools. From September 1989 until September 1998, wife worked as a teacher in Richmond City Public Schools.

*Attorney's fees*

Wife argues that the trial court erred in awarding husband $46,191.50 for his attorney's fees. She contends the trial court erred in considering her previous filings in the juvenile and domestic relations district court, which were not connected to the divorce. She also asserts that the trial court erroneously found that wife refused to work with husband in reaching a fair and reasonable settlement and that such finding was an improper basis for an attorney's fee award.

"[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The trial court heard evidence that wife sought two protective orders in two juvenile and domestic relations district courts. In 2013, wife sought her first protective order in Richmond, but was denied a permanent protective order. Husband was represented by different counsel at the time, so any fees incurred for that proceeding were not presented to the trial court. In 2014, wife sought another protective order in Westmoreland County, which was dismissed. Evidence also was presented that wife refused to cooperate with husband in selling some of their real estate and, during their separation, she refused to provide her tax information to the accountant in order for him to complete their tax returns. In addition, husband was forced to file a motion to compel because of wife's incomplete discovery responses.

In determining whether to award attorney's fees, the trial court considered the parties' conduct. The trial court considered the fact that wife sought two protective orders that were ultimately dismissed. The trial court found that husband was more cooperative than wife. It

stated that husband had to incur "significant attorney's fees, due in significant part to [wife's] conduct, and her continued refusal to work towards a fair and reasonable resolution of this case." As a result, the trial court ordered wife to pay husband's "legal fees related to this divorce proceeding."

Based on the record, the trial court did not err in ordering wife to pay $46,191.50 for husband's legal fees. The record indicates that wife was not cooperative throughout the process, which the trial court could consider in determining whether to award attorney's fees. Furthermore, the trial court stated that if the parties did not agree on the amount of fees, then they should request a hearing. Neither party sought a hearing for the court to hear evidence and determine the amount of the award.

Husband asks this Court to award him attorney's fees incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we deny his request for an award of attorney's fees he incurred on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.