COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


KAIPHA SHERMAN BROWN

                                                        MEMORANDUM OPINION*
v.      Record No. 1875-11-4                                PER CURIAM
                                                           JULY 17, 2012
KADIATU KUKIE BROWN


              FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                              Gaylord Finch, Judge

              (Kaipha S. Brown, *pro se*, on briefs).

              (William J. Lyden; Locke & Lyden, PLLC, on brief), for appellee.


        Kaipha S. Brown (husband) appeals from a final decree of divorce.  Husband argues that the

trial court erred by (1) refusing to consider appellant's daughter from a previous relationship and

deviate from the child support guidelines; (2) calculating child support "on incorrect amounts";

(3) deciding to make the child support payments retroactive to April 1, 2011; (4) ruling that the

grounds of divorce would be based on the parties' living separate and apart for more than one year;

(5) not addressing the issue of husband's student loan because "it was too late, therefore referring

the record back to the response of the interrogatories"; (6) "allowing several unsubstantiated clauses

that were not pleaded, and not part of the Court's ruling, to be included in the Final Divorce

Decree"; (7) denying husband an award of spousal support; (8) abusing its discretion in its "ruling

on custody, and the visitation schedule" because they were "contrary to Va. Code § 20-124.3, [and]

not in the best interest of the children"; (9) awarding wife half of her attorney's fees; and

(10) deciding "which party would be responsible to pay the children's health insurance . . . and the

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

subsequent calculations of the parties' contributions."[1]  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.[2]  See Rule 5A:27.

## BACKGROUND

Husband and Kadiatu K. Brown (wife) married on November 20, 2003.  Two children were born of the marriage, and husband has a child from a previous relationship.  According to the final decree of divorce, the parties separated "on or before April 1, 2008."

In 2009, husband filed a complaint for divorce.  Husband subsequently filed two amended complaints for divorce.  The trial court allowed each amended complaint.  The trial court entered an order allowing the filing of the second amended complaint in February 2011, and wife filed an answer and cross-complaint.  On April 29, 2011, the trial court entered a *pendente lite* order, which addressed temporary spousal support, custody, visitation, and child support.

On July 19, 2011, the trial court heard evidence and argument from the parties.  It issued rulings from the bench and allowed wife to submit an attorney's fees affidavit with a proposed final decree of divorce.  On August 15, 2011, the trial court entered the final decree of divorce and awarded wife $8,115 for her attorney's fees.  This appeal followed.

---

[1] In addition to his ten assignments of error, husband included nine "Statement of the Questions Presented."  Some of the questions presented are repetitive of the assignments of error; however, some of the questions presented are new issues.  Effective July 1, 2010, Rule 5A:20(c) was revised to state that appellant's opening brief shall contain a "statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court."  Pursuant to the revised rules, this Court considers only assignments of error and, as such, will not consider the additional issues listed as questions presented.  We find that this failure to comply with Rule 5A:20 is significant.  Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008).

[2] On June 8, 2012, appellant filed a motion for expedited hearing.  Since we are summarily affirming the trial court's ruling, appellant's motion is denied.

ANALYSIS

Issues 1, 5, and 8 (custody): Issues waived

In his first assignment of error, husband argues that the trial court erred in refusing to deviate from the child support guidelines because he had a child from a previous relationship. During closing argument, husband told the trial court to keep the child support as it was. Then, husband told the trial court that it computed child support based on two children, as opposed to three children. The trial court stated, "So you are paying $760 less than you were, and you are complaining about it?" Husband responded, "Okay. Your Honor." He did not raise the issue again. This issue is waived.

Husband's fifth assignment of error states, "The trial Court's ruling that it was not incline [sic] to take up the issue of Appellant [sic] student loan and that it was too late, therefore referring the record back to the response of the interrogatories was contrary to VA. Code § 20-107.3, and is being appealed to meet the ends of justice." In his brief, husband does not address his assignment of error; instead, he simply states, "Under 20-107.3, student loans are considered marital debts." He then maintains that wife did not work during the first two years of marriage and benefitted from his education. His argument does not reflect his assignment of error. Consequently, this issue is waived. See Muhammad v. Commonwealth, 269 Va. 451, 478, 619 S.E.2d 16, 31 (2005) (citation omitted) ("Failure to adequately brief an assignment of error is considered a waiver.").

In his eighth assignment of error, husband contends the trial court erred by awarding sole custody of the parties' children to wife. The trial court told husband, "This is a very, very detailed order, giving you basically, it seems, anything you are asking for except you would rather have joint legal custody as opposed to her having legal custody." Husband responded,

"Your Honor, that – that – I can waive that." He did not raise the issue again. This issue is waived.

Therefore, husband waived the first and fifth assignments of error and the eighth assignment of error regarding custody.

### Issues 3 and 8 (visitation): Rule 5A:18

Wife argues that husband did not preserve many of his assignments of error because he did not note his specific objections on the final decree. Husband signed the final decree as "Seen and objected to," and then specifically objected to the inclusion of information regarding the loss of his employment, the taking and use of certain funds, and the award of attorney's fees to wife.

Rule 5A:18 states, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

This Court has previously held that a statement of "seen and objected to" on an order is insufficient to preserve an issue for appeal. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (*en banc*). However, in a bench trial, an appellant can preserve his issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. Id.

Husband did not note any objection to the trial court's ruling that the child support payments would be retroactive to April 1, 2011, as opposed to 2009. His closing argument did not include his assertion that the child support obligation be retroactive to 2009. Husband asks that we invoke the ends of justice exception to Rule 5A:18. "In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487

S.E.2d 269, 272 (1997) (citation omitted) (emphasis added). Husband did not show that a miscarriage of justice occurred; therefore, we will not consider the third assignment of error.

For his eighth assignment of error, husband states, "The trial Court's ruling on custody, and the visitation schedule were contrary to Va. Code § 20-124.3, not in the best interest of the children, and is being appealed to meet the ends of justice." As discussed above, husband waived the custody issue. With respect to visitation, he asked the trial court to award him five weeks, as opposed to three weeks, of summer visitation. In his brief, husband stated that the trial court did not consider the factors in Code § 20-124.3 and did not conduct a full hearing. Husband did not raise these issues to the trial court. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Furthermore, husband argues that the trial court erred in not dividing the transportation. Husband did not raise transportation in his assignments of error, and he did not provide any legal authority to support his argument. See Rule 5A:20. Therefore, we will not consider the eighth assignment of error.

### Issues 2, 4, 6, and 10: Rule 5A:20

Wife argues that husband failed to include legal authority in his brief to support his arguments. Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Husband did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law or citation to legal authorities to fully develop his arguments for the second, fourth, sixth, and tenth assignments of error.

Husband has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415

S.E.2d 237, 239 (1992).  Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief."  Id.  Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims."  Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).  "Even *pro se* litigants must comply with the rules of court."  Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

We find that husband's failure to comply with Rule 5A:20(e) is significant, so we will not consider the second, fourth, sixth, and tenth assignments of error.  See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

<u>Issue 7:  Spousal support</u>

Husband argues that the trial court abused its discretion by denying his request for spousal support.

"'In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support.  Accordingly, our review is limited to determining whether the trial court clearly abused its discretion.'"  West v. West, 53 Va. App. 125, 130-31, 669 S.E.2d 390, 393 (2008) (quoting Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005)).  "We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'"  Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

In issuing its ruling, the trial court reviewed the factors in Code § 20-107.1(E) and found that on a monthly basis, wife earned approximately thirty dollars less than husband.  Given that

- 6 -

wife earned less than husband, the trial court did not abuse its discretion in denying husband's request for spousal support.

### Issue 9:  Trial court's award of attorney's fees to wife

Husband argues that the trial court abused its discretion in awarding wife one-half of her attorney's fees.  Wife's attorney submitted an affidavit showing that wife incurred $16,230 in attorney's fees and $813.95 in costs.  The trial court found that husband "filed numerous unnecessary and voluminous motions, which lead [sic] to protracted and unnecessary litigation." The trial court further stated that husband's actions "substantially increased" wife's attorney's fees.  Accordingly, the trial court ordered husband to pay $8,115 to wife's attorney within 120 days.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'"  Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)).  "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record."  McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Considering the circumstances of this case and husband's actions, the trial court did not abuse its discretion in awarding wife one-half of her attorney's fees.

### Wife's attorney's fees and costs incurred in appeal

Wife asks this Court to award her attorney's fees and costs incurred on appeal.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

We remand this case to the trial court for determination and award of the appropriate appellate

attorney's fees and costs.

<u>Affirmed and remanded.</u>